**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**CLEVELAND MCPHERSON**
a.k.a. **ABDUL SHAHID ALI, #13781-050**                             **PETITIONER**

**VERSUS**                           **CIVIL ACTION NO. 5:08-cv-264-DCB-MTP**

**BRUCE PEARSON**                                                     **RESPONDENT**

MEMORANDUM OPINION AND ORDER
DISMISSING THE PETITIONER'S COMPLAINT

The petitioner filed a petition for habeas relief pursuant to 28 U.S.C. § 2241 on August 11, 2008. In an order entered September 23, 2008, petitioner was ordered to file a written response, on or before October 13, 2008. The petitioner was warned in this order that his failure to timely comply with the requirements of the order may result in the dismissal of his case. The petitioner failed to comply with this order.

On October 29, 2008, the court gave petitioner an extension of time to comply with the court's September 23, 2008, order because the order was returned by the postal service with a notation that the name and prisoner number did not match. The order of October 29, 2008, was mailed to the petitioner with the corrected name and prisoner number. The court's order of October 29, 2008, directed the petitioner to comply with the court's September 23, 2008 order on or before November 17, 2008. The petitioner did not comply.

Out of an abundance of caution, the court granted the petitioner another extension of time by an order entered February 6, 2009. The petitioner was directed to comply with this court's September 23, 2008 order on or before February 26, 2009. The petitioner has not complied with this order.

On April 6, 2009, an order was entered directing the petitioner to show cause, on or before April 27, 2009, why this case should not be dismissed for his failure to comply with the court's orders. In addition, the petitioner was directed to comply with the September 23, 2008, order, on or before April 27, 2009. The petitioner was warned in the show cause order that his failure to timely comply with the requirements of the order would result in the dismissal of his case without further notice. The petitioner has not complied with the show cause order.

This court has the authority to dismiss an action for petitioner's failure to prosecute under Federal Rules of Civil Procedure 41(b) and under its inherent authority to dismiss the action sua sponte. See Link v. Wabash R.R., 370 U.S. 626, 629 (1962); Larson v. Scott, 157 F.3d 1030, 1031 (5th Cir. 1998); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988). The court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Link, 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the court. Id. at 629-30.

Petitioner has not complied with three court orders and has not communicated with this court since August 11, 2008. The court concludes that dismissal of this action for petitioner's failure to prosecute under Federal Rules of Civil Procedure 41(b) is proper. Since the respondent has never been called upon to respond to petitioner's pleading, and has never appeared in this action, and since the court has never considered the merits of petitioner's claims, the court's order of dismissal will provide that dismissal is without prejudice. See Munday/Elkins Auto. Partners, LTD. v. Smith, No. 05-31009, 2006 WL 2852389, at *2 (5th Cir. Oct. 2, 2006).

A Final Judgment in accordance with this Memorandum Opinion and Order will be

entered.

SO ORDERED this the   18th   day of May, 2009.

       s/ David Bramlette
   UNITED STATES DISTRICT JUDGE